Opinion oF the Court, by
Jud%e Mills.
THE plaintiff in the court below, and now plaintiff in error, declared against the defendant in three for fraud in the sale or exchange of horses.
The first count was for knowing a defect in the ejes of the beast he disposed .off and fraudulently concealing it; the second, for falsely representing bis beast to be sound, knowing the fact to be otherwise; and the third, for inducing the plaintiff to purchase, by fraudulently warranting the beast to be sound. .
On the trial of the issue of not guilty, the plaintiff gave no evidence conducing to prove the two last colints; but proved that the beast was blind, or nearly so, and had been so for some years, and had been previously sold as blind; that nobody could keep the animal long, without discovering its blindness, although it might not be discovered on the first view; that the defendant well knew the fact, but, at the time of the exchange, made no statement about it, and appeared to give up the bea3t to be examined by the plaintiff at pleasure, and said to a witness, who observed that the mare was blind, not in the plaintiff’s presence, while the parties .were on treaty, “ never mind that.’’ The price given for the beast was as great as it would have commanded, if sound, and much beyond its value in its present state.
Th.e court, on this evidence, instructed the jury as in case of a nonsuit, and the plaintiff excepted, and has brought-the case to this court by wyit of error.
(1) A previous question is made, before we reach the merits. It is insisted, that as the record shows that the bill of exceptions Was filed some days after the trial, and not during it, it cannot be noticed by this court.
That exceptions ought to be taken on the trial, as the decision takes place, we.have no doubt; but that it is necessary-'that it should be written and sealed at that moment, to make it valid, is what we cannot admit, That may be done at any convenient time, fend postponing it for the moment, may be a great convenience, *216 hot only to the court and counsel, but also to the jurofcj who are the triers of the controversy.
(sy'Q.uefe—-If notice is not given at the time a decision is given, that nu exception will be taken, ought Of may not the court, tifter the trial, refuse to allow and seal it?
(3) When a bill of except tionsis enrolled after the trial, without any further statement, the court will presume the 'exception had been taken at the proper moment, and that the drawing and sealing of the bill had been properly postponed.
(4) Case will lie against a Vender, for fraud in selling a blind horse for a sound price, knowing and not declaring his blindness, though the purchaser examined the horse, if appearing the blindness BMsht not be discovered at first view-
(2) If notice whs not given, at the limé of the cfe-cisión, that an exception would be taken, and notwithstanding the exception should be presented at a future day, and the court should for that cause refuse to seal it, it would be a different question from the one we are considering»
(3) But when the exception is afterwards sealed and allowed, and appears of record, without any further statement, we are bound to believe that the exception was taken at a proper moment, and the filing and enrolling of it postponed until then, to suit the convenience of all concerned; and when so done, it must be as Valid ns if enteied between the swearing and verdict of the jury.
(4) With regard to the propriety of the instruction given, it is insisted that the evidence conduced to prove •the concealment of a known defect, and that for such concealment an action will lie* On the other hand, it is contended that á court of equity will set aside a contract for suppression of truth; but there is no precedent for süch a declaration in a court of law, and no adjudicated case which Warrants an action for a bare concealment, and that the law only gives remedy where, there has been a misrepresentation.
It is true, that the books of forms do not furnish a precedent expressly in point; but they do exhibit precedents of declarations for deceit in sales, which, in principle, come up to the present case. And it is not necessary that the seller should have been active in producing the concealed defect in the article sold, to make the deceit actionable. If it is placed there by" other caüses, and concealed, the seller is guilty of deceit, and ought to hé responsible.
But if the adjudged oases and books of forms were wholly silent on this subject, elementary writers all acknowledge the impropriety of concealment, and the suppressio veri, makes no inconsiderable figure on their pages. If the chancellor would vacate a contract fot* it, no .good reason can be given, why a court of law should not give an action on ‘account of it, and remunerate the party in damages. Indeed, we would rather suppose that the law first admitted the right, and. was followed by equity; for courts of law are as much *217 bound to notice fraud, as courts of equity, and to redress it, where it can give complete redress; and no reason is perceived, why a court of law cannot give as Complete redress for concealment as misrepresentation, especially where the party, as in this case, so soon as he discovers the defect, disaffirms the contract and tenders ■back the article.
Hanson, for plaintiff; Turner, for defendant.
The principles of sound morality and reason concur in tolerating such an action at law. It was the duty of the seller, in this case, to divulge'the defect, which was not apparent. He, on the contrary, held his peace, seeming, at the same time, to surrender the beast for examination. He saw that the purchaser did not discover the defect, and proceeded to pay a fair price for the beast, as if there was no defect, and he took it, sensible that he was obtaining, by his concealment, more than good conscience allowed him to receive. In all such cases, it will better comport with morality and sound policy, to subject the seller to an action at law, and thereby impose upon him the legal, as well as moral duty of telling the whole truth, especially where the defect, as in this case, is a latent one, which might take some time and nicety of observation to discover. We, therefore, conceive that the court below erred in giving the instruction as in case of a nonsuit.
The judgment must, therefore, be reversed with costs, and the verdict set aside, and the cause be remanded, for new proceedings not inconsistent with this opinion.